UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
NOV 14 2005
CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| CHAD WHITE FEATHER, SR., | CIV. 05-4126 |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| DOUGLAS WEBER, Warden; <br> WARDEN DOOLEY; <br> DIANE ROMEKIMA, Case Manager, <br> Mike Durfee State Prison; all defendants in <br> their official and unofficial capacities, | |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## BACKGROUND

Plaintiff alleges "civil rights violations; discrimination; racial profiling; prejucism (sic); harrassment (sic); denial of religious practices & materials to practice religion." (Doc. 1). For relief he requests: 1. Return of his medicine bag; 2. "Medical needs provided;" 3. Monetary relief of $1.5 million for "physical, emotional, mental, and spiritual anguishes & suffering;" 4. Written apologies; 5. Release from the penitentiary; and 6. All parties involved terminated.

While the complaint does not specifically allege the claim as being made under 42 U.S.C. § 1983, the complaint is written on the form provided to prisoners for filing under §1983. Additionally, his statement of the claim sounds like a § 1983 action and he lists the cause of action as "42 U.S.C. 1983" on the civil cover sheet (Doc. 2). His complaint will be construed as one being made under § 1983. He was granted in forma pauperis status (Doc. 6). His complaint is now screened as is required under 28 U.S.C. §1915(e)(2).

## ANALYSIS

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pled in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

A prisoner must use a petition for a writ of habeas corpus to obtain release. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). Plaintiff's claim that he should be released is a challenge to the "very fact or duration" of his imprisonment.

## CONCLUSION

It is **RECOMMENDED** that Plaintiff's claim for release should be dismissed without prejudice and without the opportunity to amend his complaint because, as a matter of law, release can be granted only in a habeas corpus lawsuit, not a § 1983 lawsuit. (The complaint should not be reclassified as a § 2254 motion. See Morales v. United States, 304 F.3d 764 (8th Cir. 2002)). Plaintiff should note that there is a one-year statute of limitations for filing federal habeas petitions under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d).

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)

Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 14th day of November, 2005.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: _Shelly Margulies_, Deputy

(SEAL)