UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
NOV 14 2005
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHAD WHITE FEATHER, SR., | \* | CIV. 05-4126 |
| Plaintiff, | \* | |
| vs. | \* | |
| DOUGLAS WEBER, Warden; | \* | ORDER ALLOWING PLAINTIFF TO AMEND COMPLAINT |
| WARDEN DOOLEY; | \* | |
| DIANE ROMEKIMA, Case Manager, Mike Durfee State Prison; all defendants in their official and unofficial capacities, | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## BACKGROUND

Plaintiff alleges "civil rights violations; discrimination; racial profiling; prejucism (sic); harrassment (sic); denial of religious practices & materials to practice religion." (Doc. 1). For relief he requests: 1. Return of his medicine bag; 2. "Medical needs provided;" 3. Monetary relief of $1.5 million for "physical, emotional, mental, and spiritual anguishes & suffering;" 4. Written apologies; 5. Release from the penitentiary; and 6. All parties involved terminated.

While the complaint does not specifically allege the claim as being made under 42 U.S.C. § 1983, the complaint is written on the form provided to prisoners for filing under §1983. Additionally, his statement of the claim sounds like a § 1983 action and he lists the cause of action as "42 U.S.C. 1983" on the civil cover sheet (Doc. 2). His complaint will be construed as one being made under § 1983. He was granted in forma pauperis status (Doc. 6). His complaint is now screened as is required under 28 U.S.C. §1915(e)(2).

## ANALYSIS

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pled in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Plaintiff has named as defendants Douglas Weber, Warden, in his official and "unofficial" (sic) capacity, Warden Dooley, in his official and "unofficial" (sic) capacity, and Diane Romekima, case manager, in her official and "unofficial" (sic) capacity. Plaintiff has failed to allege specific facts to describe what each did or did not do in their official capacity, nor what each did or did not do in their individual (unofficial) capacity. Likewise, he has failed to specifically describe his physical injury, and failed to describe how his mental, emotional, and spiritual injuries are related to his physical injury. The court's business is not to order apologies as relief in a lawsuit. Nor is it the court's business to order termination of a party's employment as relief in a lawsuit. Finally, when a prisoner seeks release from the penitentiary, a § 1983 action is not the kind of lawsuit in which release can be obtained as relief. The claim for release will be addressed in a Report and Recommendation to the District Court.

2

## CONCLUSION AND ORDER

Plaintiff has alleged only conclusions, i.e. "civil rights violations; discrimination; racial profiling; prejucism (sic); harrassment (sic); denial of religious practices & materials to practice religion." He has failed to allege specific facts from which those conclusions could be drawn. He has failed to allege his physical injury or injuries, and failed to describe how the physical injuries have caused mental, emotional, and spiritual suffering. He has failed to describe what each defendant personally did or did not do to cause the deprivation of his constitutional rights. Accordingly, it is

ORDERED that, on or before December 12, 2005, Plaintiff must amend his complaint to cure these deficiencies. His amended complaint will be re-screened under 28 U.S.C. § 1915(e)(2) if it is timely amended.

Dated this 14th day of November, 2005.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, CLERK

By: Shelly Margulies , Deputy

(SEAL)

3